## SCHATZDER v CLEVELAND RY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9716. Decided May 13, 1929

J M Friedlander, Cleveland, for Schatzder.

Squire, Sanders & Dempsey, Cleveland, for Ry Co.

## SULLIVAN, J.

It is claimed in the petition, and by the proof that the steps which plaintiff had to use in her exit from the car were worn, shining and slippery, but there is no evidence of any extrinsic element that caused any one of these conditions. Therefore the question arises as a matter of law whether there is a liability on the part of the defendant in error if, 1st., the steps were worn, 2nd, if they were shining, and 3rd, if they were slippery, when all such conditions were inherent in the steps themselves and not because of any external condition.

Analyzing the charges in their elements of course there can be no liability simply because the steps were worn, or because the steps shone, or because the steps were slippery, because that the steps were worn was naturally due to the use of them by the passengers and the same reason applies to their shiny condition and the fact that they shone would in a sense make them slippery but all of these conditions without the interception of any other fact, are results of the use of the steps by the passengers of whom plaintiff herself was one.

There is an utter failure of proof on the part of the plaintiff to attach to the steps any other condition than as herein noted and certain photographs of the steps taken three days after the accident, settle beyond controversy that there was no defect in the steps resulting from construction or otherwise, and therefore the photographs themselves cooperated with the proof of the defendant as to the condition of the steps.

In order to recover for negligence there must be some act of commission or omission which can be substantively pointed to but in the present case the only possible thing deducible from the evidence is the natural condition of the steps necessitated by the use of the passengers and the plaintiff cannot be excluded from their number.

For the court to have failed to grant the motion to direct would have meant that a car that had steps which were worn or shiny or slippery, because of their being shiny and defective in no other way, was subject to the junk heap. Such a holding practically would put all excepting brand new cars out of use and commission. It was upon this theory undoubtedly that the court acted in sustaining the motion to direct a verdict and in coming to the conclusion that there was not a scintilla of substantive evidence which was a sufficient basis for recovery.

It must be remembered upon the scintilla rule that while there must be a scintilla, it must be a scintilla of evidence, and evidence even though it be nothing but a scintilla, must be substantive in its character and impregnated with the essence of such negligence as creates liability.

Holding these views the judgment of the Common Pleas Court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.